# District of Columbia
# Court of Appeals

**No. 14-CF-1374**

DONNELL THOMAS,

Appellant,

v.



APR **28** 2016

**CF3-13688-13**

UNITED STATES,

Appellee.

On Appeal from the Superior Court of the District of Columbia
Criminal Division

BEFORE:    GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*; and
STEADMAN, *Senior Judge*.

**J U D G M E N T**

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgment on appeal is affirmed.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: April 28, 2016.

Opinion by Associate Judge Stephen H. Glickman.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CF-1374

DONNELL THOMAS, APPELLANT,

v.

UNITED STATES, APPELLEE.

FILED 4/28/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(CF3-13688-13)

(Hon. Ronna L. Beck and Hon. Robert I. Richter, Trial Judges)

(Submitted February 12, 2016                          Decided April 28, 2016)

*Ron Earnest* for appellant.

*Vincent H. Cohen Jr.*, Acting United States Attorney at the time the brief was filed, with whom *Elizabeth Trosman*, *Michael P. Spence*, *Christine Macey*, and *Daniel J. Lenerz*, Assistant United States Attorneys, were on the brief, for appellee.

Before GLICKMAN and BLACKBURNE-RIGSBY, *Associate Judges*, and STEADMAN, *Senior Judge*.

GLICKMAN, *Associate Judge*: The deliberating jury at appellant's trial sent a note asking whether it could consider the absence of alibi evidence in evaluating the government's proof of appellant's presence at the scene of the crime. Over

appellant's objection, the judge responded in the affirmative. We hold that the judge did not abuse his discretion in so doing.

## I.

On August 2, 2013, two young men confronted Matthew Stone near the intersection of 14th and Belmont Streets and robbed him of his motor scooter at gunpoint. The following day, police officers arrested appellant and a juvenile, B.M., after observing the two of them riding the scooter. Three days later, Stone viewed two photo arrays, each depicting one actual suspect and eight fillers. From one array, he selected B.M.'s photograph as depicting one of the robbers. From the other array, Stone eliminated seven of the fillers, leaving appellant and the remaining filler as potential suspects.

Appellant was charged by indictment with armed carjacking and related offenses. At his trial, Stone described his robbers and identified appellant, noting among other things that appellant had red highlights in his hair at the time. Stone explained that although he was able to eliminate only seven out of the eight other persons shown in appellant's photo array, he could identify appellant as one of the men who had taken his scooter upon seeing him in the courtroom.

The prosecution presented evidence corroborating Stone's identifications. The arresting officer testified about appellant's furtive behavior during the stop and B.M.'s possession of a loaded firearm. A police investigator testified that appellant's hair did have a "reddish color" at the time of his arrest. An officer who assisted with the arrests testified that appellant falsely told her he received the motor scooter as a gift from his grandfather. Video surveillance evidence showed that appellant and B.M. were in the vicinity of 14th and Belmont Streets around the time of the robbery. Appellant sent text messages after the robbery saying he was on a "scooter" or "moped." Finally, the prosecution introduced surveillance evidence to prove that the filler Stone did not eliminate from the array containing appellant's photo could not have committed the robbery because he was miles away at the time.

Appellant presented a misidentification defense. He did not testify himself or present alibi evidence, but he called several witnesses who testified that he did not have red highlights in his hair.

The jurors began deliberating at noon on a Thursday. After having Friday off, they resumed deliberations on Monday. That day they sent two notes

indicating they were deadlocked. After the second note, Judge Beck delivered an anti-deadlock instruction before dismissing the jury for the evening.

The issue in this appeal developed on Tuesday. That morning, the jury sent a note to the court containing the following inquiry: "We understand that we cannot draw any conclusions from the fact that the defendant did not testify and we are following that rule, but can we draw inferences from the lack of any provided alibi?" Judge Richter, standing in for Judge Beck, responded to this inquiry just before the lunch break. With the agreement of the parties, he told the jury, "I'm not going to give you a simple yes or no answer. . . . You must decide the case based on the evidence presented at trial. The government has the burden of proving the defendant committed each of the offenses charged."

The jurors then went to lunch. Immediately after returning, they sent a second note. It read: "We need clarification. In weighing the credibility and accuracy of any testimony or other evidence that tends to place the defendant at the scene of the crime on August 2nd, 2013, may we consider that there's no contradictory testimony such as an alibi?" Over appellant's objections,[1] Judge

---

[1] Appellant proposed that the judge respond to this inquiry simply by re-reading the standard instructions (already given by Judge Beck) that inform the

*(continued…)*

Richter replied to this inquiry as follows: "The answer to the question is yes, but the defense has no burden to present any evidence. The government must prove every element of an offense beyond a reasonable doubt, and you must decide the case based only on the evidence presented at the trial."

After receiving this response, the jury resumed its deliberations. It returned its verdict the following afternoon, finding appellant guilty of armed carjacking and unauthorized use of a motor vehicle.

## II.

Appellant claims that Judge Richter erred in answering the jury's request for clarification on Tuesday afternoon with a "yes" – i.e., telling the jurors that in weighing the credibility and accuracy of the evidence placing appellant at the

---

*(continued…)*
jury of its duty to consider only the evidence admitted at trial and the government's burden of proof, without going further. Judge Richter concluded that merely reiterating these two instructions would not be responsive to the jury's need for clear guidance. *See Alcindore v. United States*, 818 A.2d 152, 155 (D.C. 2003) ("When a jury sends a note which demonstrates that it is confused, the trial court must not allow that confusion to persist; it must respond appropriately."); *Murchison v. United States*, 486 A.2d 77, 83 (D.C. 1984) ("The trial court is under an obligation to respond to a jury's confusion, particularly where the jury makes explicit its difficulties." (internal quotation marks and citations omitted)).

crime scene, they could consider that there was no alibi or other contradictory evidence. Appellant characterizes this response as "the functional equivalent of a missing witness instruction" and argues that it improperly shifted the burden of proof.

We do not agree. The comparison to a missing witness instruction is not apt. A "missing witness" instruction explicitly allows a jury under certain circumstances to infer that an absent witness's testimony would have been unfavorable to the party who failed to call the witness.[2] Judge Richter's supplemental instruction did not, even implicitly, authorize the jury to draw such an adverse inference. It merely permitted the jury to consider, in evaluating the strength of the government's evidence, that it had not been rebutted by contrary evidence.

---

[2] *See Harris v. United States*, 602 A.2d 154, 160-61 (D.C. 1992) (en banc) (explaining that such an adverse inference from a party's failure to call a witness is permissible only when it is demonstrated both that the witness was "peculiarly available" to the party and that the witness's testimony would "elucidate the transaction"); Criminal Jury Instructions for the District of Columbia, No. 2.300 "Missing Witness or Other Evidence" (5th ed. Rev. 2015) (hereinafter referred to as the "Criminal Jury Instructions").

As this court has said, "merely considering whether the government's evidence has been contradicted does not, without more, shift the burden of proof to the defendant. It is the role of the fact-finder, in determining a witness's credibility, to consider whether other evidence corroborates or contradicts the witness . . . . We have repeatedly held that it is permissible for a fact-finder . . . to consider whether the defense contradicted the government's evidence."[3] This is why the government in closing argument is allowed to "highlight[] the fact that there was no evidence from the defense contradicting the government's evidence,"[4] and why such argument is permissible even when the defendant has chosen not to testify.[5] Indeed, Judge Richter's response to the jury's inquiry echoed the pattern jury instruction on evaluating witness credibility in general. That instruction tells the jury that it "may consider whether the witness has been contradicted or supported by other credible evidence."[6] Appellant voiced no objection when Judge

---

[3] *Gilliam v. United States*, 46 A.3d 360, 365 (D.C. 2012).

[4] *Reed v. United States*, 828 A.2d 159, 164 (D.C. 2003) (stating that such argument "[does] not come close to suggesting that the defense had the burden of proof"). *See also, e.g.*, *Harris*, 602 A.2d at 165 (holding that a prosecutor's comments that police officers' testimony was corroborated while defendant's testimony was not did not shift the burden of proof to the defense, but "merely conveyed to the jury that when evaluating the credibility of a witness, corroboration or a lack thereof of the testimony should be considered.").

[5] *Boyd v. United States*, 473 A.2d 828, 833 (D.C. 1984); *Jackson v. United States*, 623 A.2d 571, 586 (D.C. 1993).

Beck earlier gave this very instruction and does not argue on appeal that it was erroneous.

Thus, Judge Richter's response was legally correct. We see no reason to be concerned that the jurors misinterpreted it as authorizing them to shift the burden of proof to appellant or to draw an inference against him from his failure to present alibi or other evidence. The jury seems to have been sensitive to the impropriety of doing either of those things, for it limited its request for "clarification" to asking whether it could consider the absence of evidence "[i]n weighing the credibility and accuracy of any testimony or other evidence that tends to place the defendant at the scene of the crime." It did not ask whether it could draw any inferences from the absence of evidence, as it had asked in its previous note. And in response, Judge Richter, apparently appreciating that an affirmative answer without more might not provide sufficient guidance, went on to remind the jury that appellant had no burden to present any evidence, that the government had to prove every element of an offense beyond a reasonable doubt, and that the jury had to decide the case based only on the evidence presented at the trial.

_____

*(continued…)*
[6] Criminal Jury Instructions No. 2.200 "Credibility of Witnesses."

Appellant argues that the judge also should have told the jury explicitly not to infer anything from his failure to present evidence of an alibi. A specific, properly worded admonition to that effect would not have been inappropriate. Had appellant requested it, Judge Richter might well have incorporated it in his response to the jury. But appellant did not ask the judge to provide such additional guidance, and we do not perceive that its omission misled the jury. Therefore, we cannot conclude that the judge abused his discretion by responding to the jury's inquiry as he did, let alone that he plainly erred by omitting language appellant did not request.[7]

*Affirmed.*

---

[7] How best to respond to a deliberating jury's request for guidance is a matter committed to the trial judge's "sound discretion." *Murchison v. United States*, 486 A.2d 77, 83 (D.C. 1984). Hence, when an objection is preserved, our review is for abuse of discretion. However, when the objection has been forfeited, our review is limited to plain error. *See, e.g.*, *Hargrove v. United States*, 55 A.3d 852, 857-58 (D.C. 2012).